The City Council of Augusta, plaintiff in error, *vs.* Robert Walton, and Wm. J. Walton, assignees of The Augusta Insurance and Banking Company, *et al.*, creditors, defendants in error.

The City Council of Augusta, on the 2nd day of June, 1865, passed an Ordinance, assessing a specific tax of one thousand dollars upon the Insurance and Banking Company of that city:

*Held,* that inasmuch as the general tax laws of the State, had not heretofore recognized an incorporated company, as *taxable* property, the City Council of Augusta, did not have the power, and authority, under their charter, to assess, and collect said tax.

Equity. Injunction. Tried before Judge Gibson. Richmond Superior Court, January Term, 1867.

The Augusta Insurance and Banking Company, assigned to said assignees its assets in trust to pay its creditors, "with no other preference than is, or may be, authorized by law." Under a bill filed by the assignees to carry out said assignment, the parties were at issue as to the priorities allowed in law as applicable to the several claims against said company. Among the claims, was one on behalf of the City Council of Augusta, of the following character: On the 17th of April, 1865, the said City Council passed a general tax ordinance

The City Council of Augusta *vs.* Walton and Walton.

for that year, directing certain taxes to be collected in Confederate currency, in which said Bank was taxed three-fourths of one per cent. on its capital stock.  Before this tax was collected, to wit, on the 2nd of June, 1865, Confederate currency had ceased to circulate, and said City Council passed another tax ordinance; for the same year, by which the banking institutions in said city were specifically taxed $1,000 payable in United States currency.

This last tax being unpaid, said City Council, on the 2nd day of April, 1866, issued a *fi. fa.* for said $1,000 principal, six months interest thereon, $100 00 penalty for default and $10 00 for water tax, besides costs; and presenting this *fi. fa.* the City Council claimed the whole amount out of said assets.  The said assignees in their bill set up that said $1,000 00 tax was upon the franchise of the Bank and illegal, and prayed that the same should not be allowed as a good claim upon said assets and for injunction against that part of said *fi. fa.*

After argument, the Chancellor instructed the jury that all of said *fi. fa.*, except the water-tax and costs, was illegal, and accordingly by verdict and decree, the balance of it was enjoined.

The City Council complains of this decision, verdict and decree as error.

F. H. MILLER, HOOK & CARR, for plaintiff in error.

DOUGHERTY, GANAHL, BARNES & CUMMING, W. H. HULL, for defendant in error.

WARNER, C. J.

The question presented by the record in this case, for our consideration and judgment is, whether the City Council of Augusta had the power and authority, under their charter, to pass an ordinance to assess, and collect a specific tax of one thousand dollars from the Augusta Insurance and Banking Company.  On the 2nd day of June, 1865, the City Council of Augusta passed an ordinance, declaring that "there

shall be levied a tax of one thousand dollars upon each and every incorporated Bank, and Insurance Company of this city, etc." This tax, it will be observed, is not assessed upon the *capital* of this incorporated Insurance Company, but is a *specific* tax assessed upon the company, without any regard whatever to the amount of capital invested or employed by it. By their charter, the City Council of Augusta, are " vested with power and authority to make such assessments on the inhabitants of Augusta, or those who hold *taxable* property within the same, for the benefit, convenience, and advantage of the said city, as shall appear to them expedient." See Frederick vs. the City Council of Augusta, 5th Georgia Reports, 561. Was this Insurance Company simply as a corporation, *taxable* property, as heretofore recognized by the general tax laws of this State? In our judgment it was not. By the Act of 9th January, 1852, page 288, the Legislature have declared what shall be deemed *taxable* real and personal estate. By that Act, " personal estate " liable to taxation, shall include amongst other enumerated objects, "such portion of *the capital* of incorporated companies, liable to taxation on their capital, as shall *not* be invested in real or personal estate." This is a plain declaration of the intention of the legislature, that *the capital* of the company should be *taxable* property, and not the company as a corporate body. Our judgment therefore is, that the City Council of Augusta had no power or authority, under their charter, to assess this specific tax of one thousand dollars upon the Insurance and Banking Company, the same not being taxable property, as contemplated by the general tax laws of the State. Let the judgment of the Court below be affirmed.